02-10-008-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00008-CR

 

 


 
 
 KEITH WAYNE JOHNSON
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Keith Wayne Johnson was
indicted for committing an aggravated assault of a family member with a deadly
weapon (“a razor or box cutter that in the manner of its use or intended use
was capable of causing death or serious bodily injury”).  See
Tex. Penal Code Ann. § 22.02(b)(1) (Vernon Supp. 2010)
(stating that aggravated assault with a deadly weapon causing serious bodily
injury to a family member is a first-degree felony).  He made an open plea of guilty and asked the
trial court to assess punishment.  The
trial court found him guilty and assessed fifty-five years’ confinement as
punishment.  See id. § 12.32 (Vernon 2009) (stating that an individual adjudged
guilty of a first-degree felony shall be punished by imprisonment for life or
for any term of not more than ninety-nine years or less than five years).

          Johnson’s court-appointed appellate counsel
has filed a motion to withdraw as counsel and a brief in support of that
motion.  Counsel’s brief and motion meet
the requirements of Anders v. California
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).

We gave Johnson
an opportunity to file a pro se brief, and he has done so, arguing that he
received ineffective assistance of counsel and that the trial judge was biased
against him and violated his due process rights by reviewing the PSI before
pronouncing guilt.  The State filed a brief,
responding to Johnson’s arguments, and Johnson filed a reply brief to the
State’s response, essentially reiterating his complaints and adding that the
State misquoted his allegations in responding to them.

          Once an appellant’s court-appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the
record.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922–23
(Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351
(1988).

Because Johnson
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Johnson’s
plea, error that is not independent of and supports the judgment of guilt, and
error occurring after entry of the guilty plea. 
See Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

          We have carefully reviewed the record,
counsel’s brief, Johnson’s brief and reply brief, the State’s brief, the PSI,
and the photographic exhibits of the crime scene and the complainant’s injuries
entered in evidence at the punishment hearing. 
We agree with counsel that this appeal is wholly frivolous and without
merit; we find nothing in the record that might arguably support the appeal.[2]  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684,
685 n.6 (Tex. Crim. App. 2006). 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial
court’s judgment.

 

 

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 DAUPHINOT, and 
 
 
 
 
 
 GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]Specifically,
we note that ineffective assistance claims are usually best addressed by a postconviction writ of habeas corpus.  See Thompson v. State, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App.
1999); Ex parte Torres, 943 S.W.2d
469, 475–76 (Tex. Crim. App. 1997).